IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Harrison Tyler Suggs, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:14-cv-02414-TLW |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# **ORDER**

The Plaintiff, Harrison Tyler Suggs ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security Administration ("Commissioner" or "Defendant"), denying his claim for Supplemental Security Income. (See Doc. #1).

This matter is before this Court for review of the Report and Recommendation ("the Report") filed on July 23, 2015 by United States Magistrate Judge Mary Gordon Baker, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. (Doc. #27).

In the Report, the Magistrate Judge recommends that this Court reverse the Commissioner's decision and remand this matter for further administrative proceedings. (Doc. #27 at 31-32). Specifically, the Magistrate Judge considered the Plaintiff's first contention of error and determined that the administrative law judge (ALJ) improperly weighed the opinions of two non-treating psychologists, Dr. Cleaveland and Dr. Waid. (Doc. #27). The Commissioner filed

objections to the Magistrate Judge's Report on August 10, 2015 contending that substantial evidence supports the ALJ's decision and that the Magistrate Judge exceeded this Court's limited scope of judicial review.  (Doc. #29).  The Plaintiff filed a Reply to the Commissioner's objections on August 10, 2015.  (Doc. #30).  The Court finds the Commissioner's position persuasive.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636.  In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .  The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Under the Social Security Act, this Court is authorized to review the Commissioner's denial of benefits.  42 U.S.C. §§ 405(g), 1383(c)(3); see Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Court is cognizant that the scope of review is limited to determining whether the Commissioner's final decision is supported by substantial evidence.  42 U.S.C. § 1383(c)(3).  A reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard."  Id.  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence standard of review precludes a de novo review of the Commissioner's factual findings and decision. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). "In reviewing for substantial evidence, [the court does] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. Moreover, as noted in the Report and Recommendation, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed "even should the court disagree with such decision." Blalock v. Richardson, 483 F.2d 773, 774-75 (4th Cir. 1972) (citations omitted). The Commissioner's findings of fact are not binding on this Court; however, if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

With this framework in mind, the Court has carefully reviewed, de novo, the Magistrate Judge's Report and Recommendation (Doc. #27), the Commissioner's objections thereto (Doc. #29), the Plaintiff's Reply (Doc. #30), as well as all other relevant motions, filings, and documents. In the Report, the Magistrate Judge recommends that the Commissioner's decision be reversed and this matter be remanded for further proceedings because, "[a]lthough the ALJ addressed all five of the specific factors set forth in 20 C.F.R. § 416.927(c) in reference to Dr. Waid's opinion," substantial evidence did not support the ALJ's decision to assign Dr. Waid's opinion little weight (Doc. #27 at 26), and the ALJ failed to consider the consistency of Dr. Cleaveland's opinion with the record as a whole (Doc. #27 at 24). Having recommended that the ALJ erred with respect to his consideration of the opinions of Drs. Waid and Cleaveland, the Magistrate Judge did not address the Plaintiff's additional allegations of error. (Doc. #27 at 31).

3

After careful consideration, the Court declines to accept the Report and Recommendation of the Magistrate Judge, and finds that the ALJ did not err in his consideration of the medical opinions of Drs. Waid and Cleaveland.  This Court finds the Commissioner's objection to the Report and Recommendation regarding the scope of the court's review persuasive and concludes that the Magistrate Judge exceeded the "substantial evidence" standard and did re-weigh evidence in contravention of the Social Security Act.  As discussed herein, this Court concludes that the Administrative Law Judge conducted a proper and thorough analysis of the opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and S.S.R.s 96-2p, 96-5p, 96-6p, and 06-3p.

In determining how much weight to assign to a medical opinion of a non-treating physician, the regulations prescribe that an ALJ must consider such factors as: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) any other factors which tend to support or contradict the opinion.  20 C.F.R. § 416.927(c).  However, the ALJ need not expressly discuss each factor.  See Baxter v. Astrue, No. SKG-10-3048, 2012 WL 32567, at *6 (D.Md. Jan. 4, 2012); see also Munson v. Astrue, No. 5:08-CV-110-D(3), 2008 WL 5190490, at *3 (E.D.N.C. Dec. 8, 2008) (internal quotation marks omitted).

After careful consideration of the full record, this Court concludes that the record supports the ALJ's decision to attribute less weight to the medical opinions of Bonnie Cleaveland, Ph.D. and of L. Randolph Waid, Ph.D and the ALJ's treatment of the medical opinion evidence is supported by substantial evidence.

The ALJ thoroughly considered all of the medical opinion evidence of record, and discussed the evidence in abundant detail in his Findings of Fact and Conclusions of Law (the "ALJ's Decision"). (Doc. #1-1). The ALJ's Decision extensively discusses the opinions of both Dr. Cleaveland and Dr. Waid, and provides a clear comparison of those opinions with the other evidence of record. While the Plaintiff has had a number of physical and medical conditions, as outlined by the ALJ, the ALJ did review the complete medical record, and specifically addressed the opinions of Dr. Cleaveland and Dr. Waid.

With regard to his evaluation of the opinion evidence, the ALJ stated:

As for the opinion evidence, pursuant to 20 CFR §404.1527 and Social Security Rulings 06-3p, 96-6p and 96-2p, I have considered the medical opinions, which are statements from acceptable medical sources which reflect judgments about the nature and severity of the impairments and resulting limitations, of the claimant's treating physicians, evaluating physicians, and the state agency medical consultants. *Of note, the claimant has received no medical treatment, and therefore, no treating physician has instructed the claimant not to work.* (Doc. #1-1 at 8) (emphasis added).

The ALJ included a detailed discussion of Dr. Cleaveland's opinion:

After conducting a mental status examination in December 2011, Dr. Bonnie Cleaveland, a psychologist, reported that the claimant would not be able to live independently, his social functioning is moderately impaired, and he would be unable to concentrate and persist even on simple tasks without one-on-one supervision. (Exhibit 8F/3). This opinion has been considered, but has been given little weight. The information obtained by Dr. Cleaveland was given exclusively by the claimant and his mother, with no review of any past medical records. Further, while Dr. Cleaveland mentioned medical testing, no testing was administered during the examination. Therefore, there was no objective testing conducted in order to corroborate the claimant or his mother's subjective complaints. (Doc. #1-1 at 8).

The ALJ also conducted a detailed discussion of Dr. Waid's opinion:

After conducting psychological testing in December 2012, Dr. Randolph Waid opined that the claimant's Asperger's disorder along with comorbid difficulties with depression/anxiety and attention/excessive dysfunction compromised the claimant's ability to be employed as well as obtainment of personal self-sufficiency. (Exhibit 14F). This opinion has also been considered, but has been given little

weight. This opinion is contradictory to the opinion rendered while the claimant was enrolled in school, which showed he had a Full Scale IQ score of 88, along with no indications of distractibility, and his academic skills were commensurate with his intellect. (Exhibit 1OF). This opinion has been considered, but has been given little weight. The claimant's diagnosis of ADD was diagnosed only using the history given by the claimant's mother. Testing administered at the time of the examination demonstrated the ability to sustain vigilance to the demands of the tasks, which is not highly indicative of attention problems. Further, while Dr. Waid opined that the claimant's Asperger's disorder and ADD compromised the claimant's ability to be employed, the claimant was able to attend school, has friends, rides a bike, does chores around the house, and has actively looked for work. (Doc. #1-1 at 8-9).

The ALJ's Decision conducted a comprehensive examination of all of the evidence of record and substantial evidence supports his conclusions. The ALJ discussed at length the opinion evidence offered by the Plaintiff and his mother, the Plaintiff's medical history and medical records, the physician notes and the consistency of such notes with the physician opinions, among other things. Of note, the ALJ pointed to the fact that no treating physician has instructed the claimant not to work. The ALJ provided good reasons for discounting the opinions of Drs. Cleaveland and Waid. Both opinions were based on the subjective complaints of the Plaintiff and of his mother, and were inconsistent with the other medical opinions and other evidence in the record. The ALJ also stated that "[a] review of the medical evidence of record fails to indicate that the claimant was ever directed to stop working or that any medical provider ever directed the claimant not to work." (Doc. #1-1 at 9). The ALJ considered that "the claimant has received no medical treatment" from Dr. Cleaveland or Dr. Waid. (Doc. #1-1 at 8). Further, the ALJ did not entirely discount the opinions of Drs. Cleaveland and Waid, but instead credited certain limitations they set forth—the ALJ acknowledged that Plaintiff's diagnoses of attention deficit disorder and Asperger's disorder to be among his severe impairments. (Doc. #101 at 3).

As noted, Congress has limited the scope of this Court's review of a final decision of the Commissioner. 42 U.S.C. § 1383(c)(3). This Court's focus is on whether the ALJ's factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard. See Craig, 76 F.3d at 589. When conflicting evidence is presented, it is the province of the ALJ, and not this Court, to resolve those inconsistencies. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the ALJ)." Mastro v. Apfel, 270 F.3d 171, 179 (4th Cir. 2001) (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).

In addition to the claim that the ALJ erred in not giving greater weight to the opinions of two non-treating psychologists as those opinions relate to the Plaintiff's ability to engage in substantial gainful activity on a sustained basis, the Plaintiff raises two further allegations of error in this matter: (1) that the ALJ did not properly consider Plaintiff's combination of impairments in assessing his residual functional capacity (RFC), and (2) that the ALJ improperly concluded that Plaintiff's age, education, work experience, and RFC allowed for the performance of a significant number of jobs. (See Doc. #16, Doc. #27 at 18, 31). The Magistrate Judge did not analyze those additional allegations of error, but instead recommended that the ALJ address them should this Court choose to accept the Report and Recommendation and remand to the ALJ for further proceedings.

In light of the foregoing, the Court declines to accept the Report and Recommendation (Doc. #27) and finds the Commissioner's objection regarding the scope of review sufficiently persuasive. The Court concludes that substantial evidence supports the ALJ's decision to assign the medical opinions of Drs. Cleaveland and Waid less weight. The Court recommits this matter

to the Magistrate Judge to address the remaining issues raised by the Plaintiff in this judicial review of the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income.

This matter is REMANDED to the Magistrate Judge for further proceedings consistent with this Order. Specifically, the Magistrate Judge is directed to consider and evaluate the Plaintiff's alternative grounds for reversal and remand of the Commissioner's decision and submit a Supplemental Report and Recommendation to the Court.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

September 22, 2015
Columbia, South Carolina