IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Harrison Tyler Suggs, | ) | C/A No.: 2:14-2414-TLW-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SUPPLEMENTAL |
| | ) | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Harrison Tyler Suggs ("Plaintiff"), brought this action pursuant to 42 U.S.C.

§405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of a final decision

of the Defendant, Commissioner of Social Security Administration ("Commissioner" or

"Defendant"), denying his claim for Supplemental Security Income. (*See* Doc. #1). This Court

was initially assigned the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local

Civil Rule 73.02(B)(2) DSC. (Doc. # 27).

The undersigned issued a Report and Recommendation on July 23, 2015 recommending

reversal and remand of this matter for further administrative proceedings based on Plaintiff's

contention of error that the administrative law judge ("ALJ") improperly weighed the opinions of

two non-treating psychologists. (Doc. # 27). The Report and Recommendation did not address

the Plaintiff's remaining contentions of error.

By Order filed September 22, 2015, the District Court declined to adopt the Report and

Recommendation and remanded this case to the undersigned to consider and evaluate the

1

Plaintiff's alternative grounds for reversal and remand of the decision of the Commissioner consistent with the Court's Order. (Doc. # 32).

The District Court specifically found that the ALJ did not err in giving little weight to two non-treating psychologists and found that the ALJ conducted a proper and thorough analysis of the opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and S.S.R.s 96-2P, 96-5p, 96-6p, and 06-3p. The two remaining issues on remand are: 1) whether the ALJ properly considered Plaintiff's combination of impairments in assessing residual functional capacity ("RFC"); and 2) whether the ALJ properly concluded that Plaintiff's age, education, work experience, and RFC allowed for the performance of a significant number of jobs. (Doc. # 16, Doc. # 27 at 18, 31).The section of the Report and Recommendation entitled "Plaintiff's Background and Medical History" is incorporated by reference. (Doc. #27, pp. 2-17).

1. <u>Did the ALJ properly consider Plaintiff's combination of impairments in assessing residual functional capacity?</u>

Plaintiff contends that the ALJ did not consider the combined effect of his impairments in assessing his residual functional capacity. (Doc. # 16, p. 2, pp. 17-22). The undersigned disagrees.

> It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them.

> As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

*Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted).

"[A]n ALJ must 'adequately explain his or her evaluation of the combined effects of [a claimant's] impairments.'" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Walker*, 889 F.2d at 50).

The *Walker* case was remanded for proper consideration of the combined effect of claimant's impairments and to ensure that the administrative decision adequately explained the Commissioner's evaluation of the combined effects of the impairments. *Walker*, 889 F.2d at 50.

> In the decades since the *Walker* decision, the Fourth Circuit has provided very little elaboration about the meaning of "adequate." In an unpublished opinion, the court found that a district court had "correctly determined that the [Commissioner] had adequately explained his evaluation of the combined effect of [a claimant's] impairments." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir.1995). Although the issue there regarded medical equivalence—a factor in determining whether impairments meet listing level severity—the opinion sheds light on the Fourth Circuit's threshold for analyzing the combined effect of a claimant's symptoms on his ability to engage in substantial gainful activity, suggesting *Walker* was not meant to be used as a trap for the Commissioner. The court focused on the Commissioner's conclusions that he considered the combination of the claimant's impairments in determining disability and noted findings consistent with that conclusion.

*Brown v. Astrue*, No. 0:10-CV-01584-RBH, 2012 WL 3716792, at *5-6 (D.S.C. Aug. 28, 2012).

In *Brown*, the district court found that, while the analysis could have been more thorough, key to the analysis was the Commissioner's determination of Plaintiff's residual functional capacity. *Id.* at 7. The court noted that the Commissioner "addressed the symptoms of each of Plaintiff's impairments and adjusted the residual functional capacity accordingly. A finding that his analysis here was fragmentized would impose a standard too strict to remain within the scope of this Court's mission under §405(g), which mandates great deference to the Commissioner. " *Id.*; *see also Thornsberry v. Astrue*, No. 4:08-4075-HMH, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010) (finding "while the ALJ could have been more explicit in stating that his discussion

dealt with the combination of [the plaintiff's] impairments, his overall findings adequately evaluate the combined effect of [the plaintiff's] impairments.").

Similarly in this case, the ALJ discussed in detail all of the Plaintiff's symptoms, summarized the medical records, considered the medical opinions and stated that he considered them in combination. (Doc. # 14-2, pp. 14-20). The ALJ stated that he must "determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impediment …". (Tr. 12, emphasis added). The ALJ stated that in making the finding of the Plaintiff's RFC, "I must consider all of the claimant's impairments, including impairments that are not severe." (Tr. 12). Before announcing the Plaintiff's RFC, the ALJ stated that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 15). He fully discussed relevant evidence, both mental and physical, and then included in the RFC assessment all credibly established mental and physical impairments. (Tr. 15-19). It is clear from the decision as a whole that the ALJ performed an adequate combined effect analysis of Plaintiff's multiple impairments and that his consideration was supported by substantial evidence.

   2.  Did the ALJ properly conclude that Plaintiff's age, education, work experience and RFC allow for the performance of a significant number of jobs?

 Plaintiff argues that the RFC imposed is unsupported by substantial evidence and that the ALJ improperly disregarded the portion of the testimony of the Vocational Expert ("VE") which determined that there were no jobs in South Carolina for a person with limitations such as the Plaintiff.

 "In questioning a [VE] ... the ALJ must propound hypothetical questions … that are based upon a consideration of all relevant evidence of record on the claimant's impairment."

*Thompson v. Astrue*, 442 F. App'x 804, 806 n.l (4th Cir. 2011) (per curiam). The ALJ is afforded "great latitude in posing hypothetical questions." *Koonce v. Apfel*, 166 F.3d 1209, at *5 (4th Cir. 1999) (unpublished table decision). The ALJ need only pose questions that accurately reflect a claimant's limitations under the evidence. *See*, *e.g*., *Watts v. Colvin*, No. TMD 12-2010, 2014 WL 5297809, at *10 (D. Md. Oct. 14, 2014) (rejecting claimant's argument because it was premised on assumptions not found credible under the evidence). It is entirely proper for the ALJ to omit from the hypothetical 1) any limitations based on statements by claimant which the ALJ found to be not fully credible, 2) any limitations entitled to little weight due to a lack of medical support in the record as a whole, and 3) any limitations based on the unsupported suggestions of counsel. *See Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 540 (7th Cir. 1992).

The Commissioner asserts the ALJ reasonably determined that the ALJ's hypothetical question accurately portrayed all of Plaintiff's credibly established limitations. The ALJ's finding that claimant could perform jobs that existed in significant numbers was based on vocational testimony that considered the RFC and limitations that were found credible under the evidence. Vocational expert testimony as to the existence of jobs will constitute substantial evidence in support of the ALJ's decision if it is in response to a hypothetical question based on an accurate RFC. *Walker*, 889 F.2d at 50-51 (VE's testimony "must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments."); *Thompson*, 442 F. App'x at 806 n.1 (same). The ALJ's finding that claimant was able to perform other work existing in significant numbers is supported by substantial evidence.

Plaintiff argues the ALJ ignored evidence that the Plaintiff would require close, one-on-one supervision and that he would be off-task one to two hours in an eight-hour work day due to concentration issues. (Doc. #16, pp. 14 and 17). In fact, the ALJ analyzed in detail all of

Plaintiff's evidence and found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements about the intensity, persistence and limiting effects of these symptoms were not entirely credible for various reasons. (Doc. # 14-2, p. 17). The ALJ fully described the testimony of Plaintiff and his mother concerning his symptoms and limitations. The ALJ found that treatment notes "simply fail to indicate the level of dysfunction the claimant is alleging." The ALJ found that "[d]espite the claimant's diagnosis of ADD and Asperberger's disorder, he excelled at virtual high school until he discovered online video games." (Doc. # 14-2, p. 18). The Plaintiff visits a friend on a daily basis, connects with people via Facebook daily and rides his bike as transportation and plays video games. ADD medication helps with his ability to focus. (Doc. # 14-2, pp. 17-18).

The ALJ also "considered the medical opinions … about the nature and severity of the impairments and resulting limitations, of the claimant's treating physicians, evaluating physicians, and the state medical consultants." (Doc. # 14-2, p. 19). The ALJ accorded appropriate weight to all of the medical opinions.[1] The ALJ found that no treating physician had ever instructed the Plaintiff not to work. *Id*. He found that there was no objective evidence validating the Plaintiff's level of pain while walking and/or standing. *Id*. Plaintiff's moderate symptoms of depression or moderate difficulty in social, occupational, or school functioning were helped by medication. *Id*. at 18. The Plaintiff was not currently receiving any mental health treatment and therefore is not taking any medication for his impairments, even though his

---

[1] The only challenge to the ALJ's determination of weight assigned the various medical opinions was related to the two non-treating psychologists. The District Court ruled that the ALJ did not err in attributing less weight to the opinions of the two psychologists, Cleaveland and Waid. (Doc. # 32).

testimony and medical records show that his mental health improves while on medication. (Doc. No. 14-2, pp. 18-19).

Plaintiff bases his argument that he is unable to concentrate and persist on even simple tasks without one-on-one supervision mainly on the opinions of Bonnie F. Cleaveland, Ph.D. (Doc. # 16, p. 8) and L. Randolph Waid.  As discussed *supra*, the District Court has ruled that the ALJ did not err in giving these opinions little weight. (Doc. # 32).

The undersigned finds that the ALJ included in his RFC assessment and in his hypothetical questions all credibly established limitations. Therefore, the ALJ did not err in concluding, based on Plaintiff's age, education, work experience, and RFC, that the Plaintiff could perform a significant number of jobs.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 7, 2015
Charleston, South Carolina